MEMORANDUM DECISION AND JUDGMENT ENTRY.[1]
[1] We have sua sponte removed this case from the accelerated calendar.
Appellant Lee Ballard pleaded no contest to two counts of drug possession in violation of R.C. 2925.11. In his appeal, he contests the trial court's overruling of his motion to suppress evidence. Specifically, Ballard makes two arguments: (1) that the warrant under which the police searched his apartment was facially invalid, and (2) that the warrant was ineffective because it was executed after 8:00 p.m.
The Cincinnati Police Department's Street Corner Drug Enforcement Unit received an anonymous telephone call concerning marijuana and firearms in Ballard's apartment. Based on the call, the police began and completed an investigation that day. Part of that investigation included a surveillance of the apartment, which provided nothing to corroborate the tip.
Later that day, Cincinnati Police Officer Herman submitted her affidavit requesting that the municipal court issue a search warrant for Ballard's apartment. The affidavit stated:
 On 12/10/96 a call was received at the Street Corner Drug Enforcement Unit office. The caller would not identify himself due to fear of repercussion from those involved in drug trafficking activities. [The affidavit then provided the name, address, and telephone number of Ballard as provided by the caller.] This caller further stated that the caller had been within the above described premise within the last 72 hours and has observed large amounts of marijuana stored therein. The caller also advised that there was [sic] numerous firearms concealed within the residence and that Ballard was not supposed to have these weapons due to his past drug convictions. The caller was able to provide additional information which [sic] was independently investigated and determined to be truthful. [The affidavit stated that Ballard was the subscriber to the telephone number provided by the caller and that the number was installed in the apartment number provided by the caller.] Lee Ballard is known to be involved in unlawful drug activity by members of the Cincinnati Police Division as a result of his numerous arrests/citations for this behavior. Additionally, the Street Corner Drug Enforcement Unit has received complaints concerning this subject trafficking in both cocaine and marijuana. Based upon the above information, it is the affiant[']s belief that marijuana is concealed in the above described premises and under the control of Lee Ballard.
The affidavit also stated Herman's belief that it was necessary that the search be conducted in the nighttime. Based on the affidavit, the police obtained a warrant and conducted a search. The police confiscated from Ballard's apartment, among other items, a gun, cocaine, and 1,380 grams of marijuana.
When deciding whether probable cause exists to issue a search warrant, an issuing court applies a totality-of-the-circumstances test.[2] This test involves making "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons applying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3]
The totality-of-the-circumstances test limits the role of a reviewing court, in any after-the-fact scrutiny of the issuing court's decision, to determining whether the issuing court had a substantial basis for concluding that probable cause existed to allow the search.[4] In the context of this case, we must decide whether the affidavit provided a substantial basis for the municipal court's conclusion that there was a fair probability that marijuana or related paraphernalia would be found at Ballard's apartment.[5] In doing so, we must accord great deference to the issuing court's determination of probable cause, resolving doubtful or marginal issues in favor of upholding the warrant.[6]
The foundation of the affidavit in this case was an anonymous telephone call. An issuing court may rely on such hearsay if there is a substantial factual basis presented to demonstrate the veracity and basis of knowledge of the hearsay.[7] In this situation, the caller did not identify himself. Because of this, Herman could not provide verification of the caller's veracity based on prior dealings with him. The veracity of an anonymous caller, however, can be established by corroboration.[8] Although in this case surveillance failed to corroborate any of the incriminating information provided by the caller, the police were able to verify that the telephone number and address provided by the caller were Ballard's. Corroboration, even of innocent activity, may bolster an anonymous caller's reliability.[9] This is because if part of the information a caller provides can be corroborated, that corroboration lends credence to what is not verified. Further, the police investigation verified the caller's claim that Ballard previously had contact with the legal system for drug offenses.
And the affidavit also contained information concerning the basis of the caller's knowledge. He claimed he had been in the apartment recently and had observed large amounts of marijuana and firearms. This information provided the issuing court with something more substantial than a rumor. We recognize that the information in the affidavit is marginal at best. But based on the deference we must accord the municipal court, under the totality of the circumstances, we cannot say that the municipal court did not have a substantial basis for concluding there was a fair probability that Ballard had drugs and guns in his apartment.
Ballard also claims that the warrant was ineffective as it was executed after 8:00 p.m. Crim.R. 41(C) requires that a warrant be served in the daytime unless the issuing court orders its execution otherwise "Daytime" means the hours between 7:00 a.m. and 8:00 p.m.[10] Herman sought a nighttime warrant and provided in her affidavit the reasons why the search needed to be conducted in the evening hours. The warrant itself did not specify nighttime or daytime service. The record demonstrates that the municipal court issued the warrant at 6:49 p.m. Herman returned to her office at 7:15 p.m. and then put together a plan of action for the search. She and the officers she assembled arrived at Ballard's apartment building at 7:30 p.m. They called the manager to obtain access to the apartment. When the maintenance man responded, he was unable to open the apartment door with the master key. He left to find another key, but when he returned, he stated that the key and lock had been changed and that he was unable to unlock the door. The police broke open the door and entered the apartment sometime after 8:00 p.m. Under the facts of this case, where a nighttime warrant was requested in the early evening hours based on an affidavit providing the reasons for nighttime service, the warrant failed to specify a nighttime or daytime execution, and the attempt to execute the warrant by gaining access to the apartment was made before 8:00 p.m., was continuous, and was initially prohibited because a less intrusive means of entry was attempted without success, we conclude that Crim.R. 41 was not fundamentally violated,[11] and that the execution of the warrant was not unreasonable in a constitutional sense.
Even had we determined that the affidavit did not establish a substantial basis for the trial court's finding of probable cause, we would affirm the trial court's denial of Ballard's motion to suppress based on the "good faith exception" to the Fourth Amendment exclusionary rule. Under the exception, the exclusionary rule does not apply "so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause."[12] Because the facts of this case do not demonstrate "falsity or reckless disregard for the truth on the part of the affiant," that the issuing judge abandoned his judicial role, or that the affidavit was so lacking in indicia of probable cause or the warrant was so facially deficient that the police officers' reliance on the warrant was not objectively reasonable, we would uphold the search under the "good faith exception."[13] We overrule Ballard's assignment of error.
Accordingly, we affirm the judgment of the trial court.
The Court, believing that there were reasonable grounds for this appeal, allows no penalty. Costs shall be taxed in compliance with App.R. 24. A copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, which shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Gorman, P.J., and Winkler, J., concur.
To the Clerk:
Enter upon the Journal of the Court on March 5, 1999 per order of the Court _______________________________.
Presiding Judge
[2] State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640;Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317.
[3] State v. George, supra, paragraph one of the syllabus, quoting Illinois v. Gates (1983), 462 U.S. 213, 238-239,103 S.Ct. 2317, 2332.
[4] State v. George, supra, paragraph two of the syllabus.
[5] Id. at 330, 544 N.E.2d at 645.
[6] Id. at paragraph two of the syllabus.
[7] See Crim.R. 41(C).
[8] See Illinois v. Gates, supra.
[9] Id. at 245, 103 S.Ct. at 2335.
[10] Crim.R. 41(F).
[11] See State v. Wilmoth (1986), 22 Ohio St.3d 251, 263,490 N.E.2d 1236, 1246; State v. Coburn (May 31, 1990), Scioto App. No. 1744, unreported (Stephenson, J., concurring).
[12] State v. George, supra, paragraph three of the syllabus.
[13] See State v. George, supra, at 330-331,544 N.E.2d at 646-647.